KATE S. LEHRMAN [Bar No. 123050]
klehrman@lehrmanlawgroup.com
JACQUELINE BRUCE CHINERY [Bar No. 187544]
jchinery@lehrmanlawgroup.com
ERIN TALLENT [Bar No. 274813]
etallent@lehrmanlawgroup.com
LEHRMAN LAW GROUP
12121 Wilshire Boulevard
Suite 1300
Los Angeles, CA 90025
(310) 917-4500
FAX (310) 917-5677

Attorneys for Defendant
BMW OF NORTH AMERICA, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICH SCHICK and CHERYL HUBER,<br><br>  Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC; and DOES 1 through 10, inclusive,<br><br>  Defendants. | Case No. 5:17-cv-2512 VAP (KKx)<br>[Filed: November 17, 2017]<br>[Removed: December 18, 2017]<br><br>Hon. Virginia A. Phillips<br>Courtroom 8A<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO STRIKE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Filed concurrently with Declaration of Erin Tallent in Support of Opposition]*<br><br>DISCOVERY CUT-OFF: 07/31/18<br>MOTION CUT-OFF: 07/31/18<br>TRIAL DATE: 11/06/18 |

## I.
## INTRODUCTION

Plaintiffs' Ex Parte Application distorts the facts and the procedural history of this case. Plaintiffs' initial State Court Action (filed on November 17, 2017) only contained Song-Beverly Consumer Warranty Act causes of action, stemming from the lease of plaintiffs' 2012 BMW 650i Convertible (subject vehicle). (Dkt. No. 1 (attachment 2).) In response to defendant filing a Motion to Dismiss the Complaint, plaintiffs filed a First Amended Complaint (Dkt 17), adding a new sixth cause of action for Fraud, and alleging that the statute of limitations for all of plaintiffs' claims were tolled due class action tolling, because of *Bang et al. v. BMW of North America, LLC*, Case No. 2:15-cv-06945-MCA-SCM, currently pending in the United States District Court, District of New Jersey (*Bang*). [Declaration of Erin Tallent (Tallent Dec.) ¶3] Contrary to plaintiffs' Ex Parte, the fraud cause of action is not the "main focus" of Defendant's Motion for Summary Judgment (Motion) and Defendant is not attempting to "confuse the issues." It is the *class action tolling* that is the main focus of the Motion, as plaintiff is using *Bang* to toll the statute of limitations for all of the causes of action. As such, Defendant's Motion must focus on, and address why the *Bang* class action has no tolling impact on this case, a fact which apparently plaintiffs agree to, as they are now willing to dismiss such class action tolling claims.

## II.
## DEFENDANT ENGAGED IN A GOOD FAITH, SUBSTANTIVE MEET AND CONFER PRIOR TO FILING THIS MOTION

There is no "litigation by surprise" at work with respect to this case. In fact, plaintiffs have been aware of defendant's desire that plaintiffs dismiss, at the very least, the fraud cause of action, for months. With respect to the instant Motion, defendant's counsel attempted to meet and confer multiple times, and both a voicemail and an e-mail were left/sent on August 7, 2018, outlining the substance

of the Motion. [Tallent Dec. ¶7]. At no point did Defendant intend on filing this Motion without meeting and conferring in good faith, and the omission of the dates of Defendant's attempts to meet and confer and extensive meet and confer discussion was completely inadvertent. [*Id.*] The parties did in fact, extensively meet and confer prior to the filing of this Motion, following the spirit of Local Rule 7-3.

Counsel for the parties had an extensive, almost hour long conversation about the substance of the Motion, addressing all of defendant's arguments, namely that a) the *Bang* Class Action did not apply to this case, that b) there was no basis for the fraud cause of action, and that c) defendant had a viable statute of limitations defense to the Song-Beverly claims. [*Id.* at ¶8] Defense counsel did not make any misrepresentations to plaintiff's counsel during this meeting. In fact, Plaintiff's counsel brought up the possibility of dismissing the fraud cause of action in exchange for defendant not filing the entire Motion. Neither counsel had authority for this agreement and defendant's counsel told plaintiff's counsel they would inform plaintiff's counsel if such authority was obtained. [*Id.*] Further, prior to filing the Motion, defense counsel sent an e-mail to plaintiff's counsel, stating that the Motion needed to be filed due to the hearing deadline, but that defendant would continue to meet and confer. [*Id.* at ¶10] Defendant never agreed not to file, or to withdraw, the entire Motion. In fact, the handling attorney, Erin Tallent, and plaintiff's counsel engaged in additional, substantive meet and confer efforts on August 16, 2018. During these efforts, as plaintiffs indicated they were willing to withdraw/dismiss the fraud cause of action and all class action tolling allegations, defendant communicated the willingness to withdraw the fraud and class action tolling portions of the Motion for Summary Judgment, leaving only the Song-Beverly portions. [*Id.* at ¶12-13]. Ironically, it is the Song-Beverly portions, which plaintiffs now contend to be the "main issues" of the case (Ex Parte at Page 6, Line 23-24). Defendant believes they have been the main issues all along.

## II.

## PLAINTIFFS ARE OFFERING TO WITHDRAW THE VERY CLAIMS THEY PREVOUSLY SOUGHT TO AMEND TO ADD INTO THIS ACTION

While plaintiffs contend defendant is acting in bad faith with respect to the Motion, the Court should note that plaintiffs' recent willingness to withdraw their fraud and class action tolling claims shows it is plaintiffs who did not act in good faith from the beginning.  Plaintiffs' amended their Complaint to add "facts" which they knew were meritless and continued to refuse to dismiss throughout this litigation. In fact, plaintiffs' own expert admitted during his deposition that the car does not suffer from excessive oil consumption, which is the basis of both plaintiffs' fraud cause of action and the class action tolling. [*Id.* at ¶4]

Further, August 10, 2018 was not the first time that counsel for the parties had significant meet and confer discussions about the fraud cause of action, and plaintiffs' allegations about excessive oil consumption. In **June of 2018**, plaintiffs' served a Notice of Deposition of BMW of North America, LLC, which sought testimony on the alleged "oil consumption defect" in the subject vehicle (the basis of the fraud claim, and for the class action tolling). [*Id.* at ¶6] As there were **no oil consumption complaints** in plaintiffs' ownership history, Defendant intended to seek a Protective Order via ex parte application, thus the meet and confer. (Tallent Dec. ¶6, Exhibit A).  During one extensive meet and confer phone call on or about June 26th or 27, 2018, defense counsel specifically brought up the issue of dismissing the fraud cause of action, as it had no bearing on the case. [*Id.* at ¶6] Plaintiffs' counsel was not willing to dismiss the fraud cause of action, but ultimately agreed the scope of the deposition would not include any excessive oil consumption questions.  [*Id.* at ¶6]

To be clear, the very "facts" which plaintiffs added to the Complaint are the very "facts" which plaintiffs are now withdrawing.

## III.

## **PLAINTIFFS HAVE NOT BEEN UNDULY PREJUDICED**

On the outset, it should be noted that any objection plaintiffs have to the extent of defendant's meet and confer efforts can of course be included in their Opposition to said Motion. There is no emergency need for this ex parte application.

Plaintiffs' reliance on *Reiter v. Prudential Ins. Co of Am.*, 2015 WL 12697621 (C.D. Cal Sept. 17, 2015) is misplaced. In *Reiter*, the Court found the parties had not met and conferred prior to the filing of the motion for partial summary judgment. Id. at *1. As such, any noncompliance with strict adherence to the Local Rule could not be excused "absent any evidence that there was a good faith effort to meet and confer." *Id.*, citing *Superbalife Int'l v. Powerpay*, 2008 WL 4559753, at *2 (C.D. Cal. Oct 7, 2008). Likewise, the case cited in plaintiff's August 15, 2018 correspondence, *U.S.A. v. Kan-Di-Ki LLC*, 2013 WL 12147597 at *1 (C.D. Cal March 21, 2013) discusses a situation where no meet and confer was completed at all. Such a fact pattern is starkly contrasted with the lengthy conversation on August 10, 2018 regarding this Motion between counsel, which plaintiffs cannot deny.

When a good faith effort to meet and confer does occur, or when the party opposing the Motion suffers no real prejudice as a result of an untimely conference, the Court is perfectly within its discretion to consider the motion on the merits. Here, there was a good faith effort to meet and confer. Here, plaintiffs do not argue that because they were told about the Motion on August 7, 2018 as opposed to August 6, 2018 that they <u>are unable to</u> prepare a timely Opposition. Further, as plaintiff's counsel stated they "now have client confirmation to remove the fraud cause of action," (as stated in their August 15, 2018 e-mail), they are of course free to do so immediately, which would, immediately make the Motion as to the Fraud cause of action moot. Upon dismissal of that cause of action, there

1  would be no need for plaintiff to oppose that portion of the Motion. The same is
2  true for the class action tolling allegations. While not addressed in plaintiffs' ex
3  parte application, plaintiffs' counsel stated to Defendant's counsel on August 16,
4  2018 that plaintiffs' would dismiss the class action tolling claims. In response,
5  defendant offered to withdraw those specific areas of the Motion, but plaintiffs
6  refused to such an arrangement. [Tallent Dec. at ¶12-13]
7  　　As discussed above, plaintiffs have known about the lack of merit with
8  respect to their fraud cause of action, and class action tolling allegations for
9  months. Their willingness to now dismiss such claims is further evidence of such a
10  fact. t is not a surprise that defendant would file a Motion with respect to these
11  issues. With respect to the Song Beverly claims, despite defendant's attempts to
12  depose plaintiffs as early as April of 2018 for the very purpose of gathering
13  testimony that is cited in the Motion, plaintiffs' counsel continued to shield their
14  clients from deposition (canceling the day before the first noticed deposition date
15  of April 19, 2018) and then failing to confirm available deposition for **months**.
16  [*Id.* at ¶15] It has taken threatening a motion to compel plaintiffs' depositions, or
17  threatening a Motion for Protective Order, with respect to plaintiffs' unreasonable
18  PMQ deposition scope, for plaintiffs' counsel to properly participate in this
19  litigation. If anything, Defendant has been prejudiced by having to file this Motion
20  in the first place.

## IV.
## CONCLUSION

23  　　To the extent that plaintiffs are dismissing their fraud cause of action, and
24  class action tolling claims, defendant is willing to and will withdraw those
25  portions of the Motion for Summary Judgment, leaving only issue of the statute of
26  limitations defense to the Song-Beverly causes of action (First, Second, Third,
27  Fourth and Fifth). Further, Defendant is willing, and has offered, to
28  stipulate/request the MSJ hearing date be extended and for plaintiffs to have

1  additional time to Oppose this Motion. Thus there is no prejudice to plaintiff at all.
2  The specific page/line portions Defendant is willing to withdraw from the Motion,
3  based on plaintiffs' dismissal of the fraud/class action tolling allegations are
4  identified in the accompanying declaration [*Id.* at ¶12-13]. However, at the time of
5  the filing of this response, plaintiffs were not willing to agree to such a stipulation.
6  [*Id.* at ¶14] Plaintiffs cannot claim prejudice by having to oppose claims they are
7  admitting should be withdrawn.

DATED:  August 17, 2018

LEHRMAN LAW GROUP
KATE S. LEHRMAN
JACQUELINE BRUCE CHINERY
ERIN TALLENT

By:  /s/ *Erin Tallent*
Erin Tallent
Attorneys for Defendant
BMW OF NORTH AMERICA, LLC